UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:23-CV-5052-DWC <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her applications for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in finding that Plaintiff had the residual functional capacity ("RFC") to perform light work with the option to sit or stand at will. For the reasons set

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

forth below, the Court affirms the decision of the Commissioner of Social Security ("Commissioner") to deny benefits.

I.   **Factual and Procedural History**

On June 17, 2020, Plaintiff filed applications for DIB and SSI. Dkt. 7, Administrative Record ("AR") 98, 131, 338–39. She alleged disability beginning April 19, 2019, due to depression, plantar fasciitis, drop foot, back problems, degenerative disc disease, chronic fatigue syndrome, fibromyalgia, asthma, migraines, and vision problems. AR 380, 384. Her claims were denied initially and on reconsideration. AR 96, 129–31, 155, 166–80. Plaintiff requested a hearing before an ALJ, which took place on August 9, 2022. AR 41–71, 181. Plaintiff was represented by counsel at the hearing. AR 41.

At the hearing, the ALJ asked a vocational expert ("VE") whether occupations in the national economy existed that could be performed by a hypothetical individual with Plaintiff's limitations "who will be provided a sit/stand-at-will option at the workplace." AR 68. The VE testified that such an individual could work as a merchandise marker, food sorter, or production assembler, all of which are light exertion, SVP2[2] positions. AR 68–69. The VE stated that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"), but the DOT did not address sitting and standing at will within the light-strength category. AR 69. She stated she based her opinion on this issue on her professional education, training, knowledge, and experience. *Id.* The ALJ presented the VE with a second hypothetical that was identical to the first, except that the second hypothetical individual did not require a sit/stand option. AR 70. The VE testified that the same positions would be available to this individual. *Id.*

---

[2] "SVP" stands for "specific vocational preparation." SSR 00–4p, 2000 WL 1898704, at *3 (Dec. 4, 2000). An SVP of 2 corresponds with unskilled work. *Id.*

The ALJ issued an unfavorable decision finding Plaintiff not disabled. AR 18–30. He found Plaintiff had the severe impairments of cervical and lumbar degenerative disc disease, right ankle degenerative disc disease, a depressive disorder, an anxiety disorder, and attention deficit hyperactivity disorder. AR 21. Nevertheless, he determined Plaintiff had the RFC to perform light work with certain additional limitations, including a requirement that "[s]he must be able to sit/stand at will." AR 23–24. The ALJ acknowledged that Plaintiff's ability to perform all or substantially all the requirements of light work had been impeded by additional limitations, but, based on the testimony of the VE, the ALJ found there were jobs existing in significant numbers in the national economy that Plaintiff could perform. AR 28–29.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6. Plaintiff appealed to this Court. *See* Dkts. 1, 5.

## II.  Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.  Discussion

Plaintiff argues the ALJ erred in concluding she could perform light work while also including a sit/stand option in her RFC. Dkt. 15 at 3. She contends a requirement that a claimant be permitted to sit and stand at will is incompatible with a finding that the claimant is capable of performing light work. *Id.* at 3–4.

A. *Waiver*

As a threshold matter, Defendant argues Plaintiff has waived her argument because she failed to raise it during her administrative hearing. Dkt. 21 at 1–3. Plaintiff responds that the general waiver principles are inapplicable because she "is raising a pure question of law," namely, whether there is an apparent conflict within an RFC that restricts an individual to light work and includes a sit/stand option. Dkt. 22 at 3.

The Ninth Circuit has held that, "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). However, even after deciding *Meanel*, the Ninth Circuit elected to consider an issue raised for the first time on appeal when the issue was "a pure question of law and the Commissioner will not be unfairly prejudiced by [Plaintiff's] failure to raise the issue below." *Silveira v. Apfel*, 204 F.3d 1257, 1260 n.8 (9th Cir. 2000). The Ninth Circuit noted that, unlike in *Meanel*, the claimant was not "rest[ing] her arguments on additional evidence presented for the first time on appeal, thus depriving the Commissioner of an opportunity to weigh and evaluate that evidence, which the 'ALJ, rather than this Court, [is] in the optimal position' to do." *Id.* (quoting *Meanel*, 172 F.3d at 1115).

Similarly, this case presents a discrete legal issue and does not involve any additional evidence raised for the first time on appeal. There is no indication that the Commissioner will be unfairly prejudiced by Plaintiff's failure to argue the issue before the ALJ. Accordingly, the Court will consider Plaintiff's argument.

B. *Light Work with Sit/Stand Option*

Plaintiff argues that her RFC is internally inconsistent because she contends a sit/stand option is not compatible with a finding that a claimant can perform light work. Dkt. 15 at 3.

Light work typically "requires a good deal of walking or standing" or "involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567, 416.967(b). The Social Security Administration elaborated in Social Security Ruling ("SSR")[3] 83-10 that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." 1983 WL 31251, at *6 (Jan. 1, 1983). However, the Administration has also recognized that, "[i]n some instances, an individual can do a little more or less than the exertion specified for a particular range of work," and issued additional guidance for situations in which "an individual's exertional RFC does not coincide with the exertional criteria of any one of the external ranges[.]" SSR 83-12, 1983 WL 31253, at *1 (Jan. 1, 1983).

One of the situations expressly addressed by SSR 83-12 is an individual's need to alternate between sitting and standing:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)

*Id.* at *4. The ruling goes on to provide guidance to ALJs regarding how and whether to incorporate a sit/stand option in an RFC:

> There are some jobs in the national economy—typically professional and managerial ones—in which a person can sit or stand with a degree of choice. . . .

---

[3] "Social Security Rulings do not carry the 'force of law,' but they are binding on ALJs nonetheless. They reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017) (cleaned up).

> However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base.

*Id.*

In SSR 83-12, the Administration recognizes that a sit/stand limitation of some kind may be necessary even when a person is otherwise capable of light work. This ruling acknowledges that unskilled jobs that are not professional or managerial in nature are less likely to allow an individual to sit or stand at will. But the ruling does not foreclose the applicability of a sit/stand option to these types of jobs; rather, it advises ALJs to consult VEs to clarify the effect of the limitation on the occupational base. The Ninth Circuit has approved this interpretation, stating: "SSR 83-12 directs that when a claimant falls between two [exertional levels], consultation with a VE is appropriate." *Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000).

Here, the ALJ found Plaintiff capable of performing light work with additional limitations, including the sit/stand option. Under SSR 83-12 as interpreted by *Moore*, the ALJ should then consult a VE to clarify the effect of the limitation on the occupational base. The ALJ did so, and the VE identified three jobs that would be achievable for a person with Plaintiff's RFC, including the requirement that she be able to sit and stand at will. Thus, the ALJ complied with the requirements of SSR 83-12, as explained in *Moore*.

Plaintiff disagrees that SSR 83-12 provides sufficient guidance for ALJs to find an RFC permitting light work with a sit/stand option. She chiefly relies on three cases in support of her argument that a sit/stand option is incompatible with light work. *See* Dkt. 15 at 4–6; Dkt. 22 at 4–5. As explained below, these cases do not conflict with the Court's stated understating of SSR 83-12.

First, Plaintiff cites to *Perez v. Astrue*, in which "[t]he ALJ found that Perez required 'the option to alternate sitting and standing at will to relieve discomfort,' but also found that Perez was 'able to stand and/or walk six hours in an eight-hour workday [and] able to sit six hours in an eight hour workday.'" 250 F. App'x 774, 776 (9th Cir. 2007). The Ninth Circuit determined that these findings were "internally inconsistent" because "[t]he need to sit and stand at will is incompatible with the ability to either sit or stand for six hours in an eight-hour workday." *Id.* Also, both VEs "testified that the need to alternate between sitting and standing at will for anything more than a momentary reprieve would preclude all work or all sedentary work that exists in significant numbers in the national economy." *Id.*

Here, unlike in *Perez*, the ALJ made no explicit finding that Plaintiff was able to stand, walk, or sit for six hours in an eight-hour workday. Plaintiff argues the ALJ implicitly adopted this finding "by finding the non-examining state agency medical consultant Dr. Norman Staley's exertional findings persuasive." Dkt. 15 at 4. Indeed, when opining on Plaintiff's physical RFC, Dr. Staley indicated that Plaintiff could "stand and/or walk (with normal breaks)" for "about 6 hours in an 8 hour workday" and could "sit (with normal breaks)" for the same amount of time. AR 148–49. However, the ALJ specified in his decision which portions of Dr. Staley's opinion he found persuasive: "The State agency medical consultants' opinions that the claimant could work at the light exertional level with no climbing ladders, ropes or scaffolds, occasional climbing ramps and stairs, stooping, kneeling, crouching and crawling, with avoiding concentrated exposure to temperature extremes, wetness, vibration, pulmonary irritants and hazards is persuasive." AR 26. The ALJ did not include in this list Dr. Staley's opinion that Plaintiff could stand, walk, or sit for six hours per workday. Because the ALJ's decision does not include this finding, it does not present the same internal inconsistency found in *Perez*.

Plaintiff also argues that this case is analogous to *Silveira v. Commissioner of Social Security*, No. 2:19-CV-933-KJN, 2020 WL 6582271 (E.D. Cal. Nov. 10, 2020). In *Silveira*, the ALJ formulated an RFC permitting light work with certain limitations, including a sit/stand option, based on the opinions of two state-agency reviewing physicians and Silveira's podiatrist. *Id.* at *3. Although the state-agency doctors opined Silveira could stand and walk for "about 6 hours in an 8-hour workday," the podiatrist's later report stated that the plaintiff's condition would worsen with prolonged standing and walking, which could lead to limb loss. *Id.* The Court found that, "[u]nder the facts of plaintiff's case, an exertional restriction of 'sit/stand at will' is akin to 'sedentary' work under [SSR 83-10]—and certainly nowhere near being able to be on one's feet for 6 hours of a workday." *Id.* at *4.

The *Silveira* Court addressed the Commissioner's argument that the ALJ had appropriately resolved any conflict within the RFC by consulting a VE about available jobs accommodating light work and a sit/stand option. *Id.* The Court noted that it "does not dispute that if this were a case of 'light-minus,' the ALJ's approach would be appropriate under *Moore*[, 216 F.3d 864.]" *Id.* at *5. However, the Court found that the "light-minus" label was not applicable because of the podiatrist's recommendation that the "plaintiff be off his feet as much as possible or risk possible *amputation*[.]" *Id.* (emphasis in original). Given the severity of the potential consequences and corresponding erosion of the occupational base, the Court found "it was error to deem plaintiff's RFC as anything other than sedentary" and stated that "[t]he ALJ cannot be allowed to dodge a finding of disabled at sedentary by misclassifying plaintiff's RFC as light." *Id.*

Here, there is no indication that Plaintiff would suffer such serious consequences from time spent on her feet; rather, the ALJ included the sit/stand option to allow Plaintiff to "alleviate

pain or discomfort." AR 25. This case is more comparable to the "light-minus" situation that the *Silveira* Court used to describe *Moore*—where "the plaintiff's exertional limitations put him somewhere between light and sedentary, and so the Ninth Circuit held the VE's expertise was required, given the likely erosion in jobs for someone able to do less than a full complement of light work." *Silveira*, 2020 WL 6582271, at *5 (citing *Moore*, 216 F.3d at 870–71).

Finally, Plaintiff cites to a decision from the Third Circuit in support of her position, *Boone v. Barnhart*, 353 F.3d 203 (3d Cir. 2003). In *Boone*, the ALJ found that the plaintiff "retain[ed] the capacity to perform 'a range of light level work'" and could "stand, walk, and sit for six hours out of an eight-hour day." *Id.* at 204–05. The ALJ also determined that any employment must "permit her to sit and stand at will every thirty minutes." *Id.* at 205. Although a VE identified three jobs that an individual with Boone's RFC could perform, the Third Circuit found that, "according to the DOT, Boone cannot perform any of the occupations identified by the VE." *Id.* at 206–08. Given the unexplained conflict between the VE's testimony and the DOT, as well as the VE's numerous statements of hesitancy while testifying, the Court concluded "the VE's testimony does not by itself provide substantial evidence of a significant number of jobs in the economy that Boone can perform." *Id.* at 209.

The Third Circuit then turned to whether "the record otherwise contains such evidence" supporting the ALJ's determination. *Id.* The Court noted the language of SSR 83-12 "suggests that Boone cannot perform most sedentary or light jobs (because of her need to have the option to sit or stand at will and her ability to perform only unskilled work)[.]" *Id.* at 211. In the absence of any useful VE testimony to "provide a more individualized analysis as to what jobs the claimant can and cannot perform[,]" the Third Circuit found the record did not contain

substantial evidence that Boone could perform a significant number of jobs in the economy. *Id.* at 210–11.

As detailed above, the VE in this case identified three jobs that a person with Plaintiff's RFC, including the requirement that she be able to sit and stand at will, could perform. Plaintiff has not challenged the VE's testimony. This testimony provided the "more individualized analysis" that was missing in *Boone*, and thus *Boone* is inapplicable.

Plaintiff has not shown that the ALJ erred by including both a finding that she was capable of light work and a sit/stand option in her RFC.

### IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ did not err in determining that Plaintiff is not disabled, and therefore affirms the ALJ's decision to deny benefits.

Dated this 30th day of January, 2024.

David W. Christel
United States Magistrate Judge